UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILSON CHARLES HAUGH, JR., | ) | CASE NO. 5:23 CV 84 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TUSCARAWAS COUNTY COURT OF | ) | AND ORDER |
| COMMON PLEAS, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Wilson Charles Haugh, Jr. brings this action pursuant to 42 U.S.C. § 1983 against Defendant the Tuscarawas County Court of Common Pleas. It appears from his filing that Haugh believes that the state court is improperly moving forward against him in a criminal proceeding based upon an alleged violation of a civil protection order. Upon initial review, the Court finds that this matter must be dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions

are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

The sole named Defendant in this action is the Tuscarawas County Court of Common Pleas. Common pleas courts, however, are not sui juris, meaning they cannot sue or be sued in their own right. *See Cimerman v. Cook*, 561 Fed.Appx. 447, 450 (6th Cir. 2014) (common pleas courts are not sui juris); *see also Moore v. Cuyahoga County*, 2017 WL 9486440 (reaching the same conclusion in the § 1983 context). As there are no properly named defendants in this matter, it must be dismissed.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Date: January 27, 2023        /s/ John R. Adams
                              JOHN R. ADAMS
                              UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-2-